**BROADCOM CORPORATION,**
a California corporation,
Plaintiff–Appellant,

v.

**SARNOFF CORPORATION, a New Jersey corporation; Sarnoff Digital Communications, Inc., a Delaware corporation, Defendants–Appellees.**

No. 99–56690.
D.C. No. CV–97–05601–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 8, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM [1]

Broadcom Corporation's appeal from the order granting Sarnoff Corporation's motion for summary judgment is based on the ground that Broadcom's claims are precluded under New Jersey's "entire controversy doctrine." We have jurisdiction under 28 U.S.C. § 1291.

The entire controversy doctrine, codified in Rule 4:30A of the Rules Governing the Court of the State of New Jersey, states that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine [except as otherwise provided in non-relevant circumstances]." [2]

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**2.** The doctrine is also referenced in the 1947 New Jersey Constitution, which confers authority on the courts to grant legal and equitable relief "in any cause so that all matters in controversy between the parties may be completely determined." N.J. CONST. art VI, § 2, para. 4.

The New Jersey Supreme Court has made clear that the doctrine will be strictly applied, and that it mandates joinder not only of claims but also defenses, and "not only defenses but [also] affirmative claims that could, and should, be brought as counterclaims." *Cogdell by Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 560 A.2d 1169, 1173 (1989).

The district court found that Broadcom's California claims were precluded because they arose from the same transaction as the New Jersey case. According to the district court, Broadcom failed to raise them as an affirmative defense in the New Jersey Action, where it could have argued that it could not possibly have misappropriated Sarnoff's technology in 1997 because Sarnoff had originally misappropriated it from Broadcom in 1994–95 (by violating the 1994 Joint Nondisclosure Agreement). The court reasoned that, because Broadcom possessed this potential affirmative defense, it was obligated under the entire controversy doctrine to litigate its present claims in that forum.

 In fact, Broadcom brings two sets of claims in California: one relating to false advertising (the "Lanham Act" claims) and one for breach of contract and misappropriation of trade secrets. We agree with the district court's determination that Broadcom's claims that Sarnoff misappropriated trade secrets in violation of the nondisclosure agreement are so entangled with the misappropriation claims previously litigated in New Jersey that they are barred by the entire controversy doctrine. *Wm. Blanchard Co. v. Beach Concrete Co.*, 150 N.J.Super. 277, 375 A.2d 675, 684 (1977) (holding precluded subsequent claims that share facts which render them "inextricably bound... to the matters which were already placed in controversy" in an earlier case).

However, we do not believe that Broadcom's claims under the Lanham Act are precluded under the entire controversy doctrine. These claims present no issues that would be a constituent component of the New Jersey claims and nothing that requires determination before the New Jersey case could proceed. Adjudicating false advertising claims would not amount to a "rerun" of the New Jersey case, especially since the primary witnesses involved (clients to whom the false advertising was made) would have had no role in the New Jersey action. We thus reverse the district court's summary dismissal of those claims.

AFFIRMED in part and REVERSED in part. The parties shall bear their own costs.